UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20846-CR-Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

MAELYS SUAREZ CASTRO,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE was before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause. Pursuant to such reference, the Court has conducted a change of plea hearing on February 8, 2011, which was attended by the defendant Maelys Suarez Castro, her attorney, John William Wylie, IV, Esquire, and Assistant United States Attorney Sharad A. Motiani. The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings, the Court advised the defendant that she had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, her attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, her counsel, and government counsel. The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all findings and

rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge.

2. The defendant was advised that she did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the maximum sentence possibilities as to Counts 1 and 2 of the Indictment to which she was tendering a guilty plea. The Court also advised the defendant of the mandatory special assessment of $100 per count for a total of $200, which must be paid at the time of sentencing.

5. The defendant acknowledged that she was satisfied with the services of her attorney and that she had full opportunity to discuss all facets of her case with her attorney, which she acknowledged that she understood.

6. The defendant pled guilty to Counts 1 and 2 of the Indictment, charging in Count 1 that she and others did combine, conspire, confederate, and agree to commit a violation of Title 18, United States Code, Section 1029(a), to knowingly, and with intent to defraud, possess and have control and custody of device-making equipment, a credit card "skimming " device which conduct affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(4). The Indictment sets forth specific acts committed in furtherance of the conspiracy.

Count 2 charges that the defendant, from in or around September, 2008, through around December 21, 2008, "did knowingly, and with intent to defraud, possess and have control and custody of device-making equipment, that is, a credit card 'skimming' device, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(4) and 2."

7. The defendant was advised that Count 1, to which she was pleading guilty, carried a term of imprisonment up to 7.5 years, followed by a period of supervised release of up to three (3) years, and a fine of up to $250,000. Count 2, to which she was pleading guilty, carried a term of imprisonment up to 15 years, a period of supervised release of up to three (3) years, and a fine of up to $250,000.

8. The government filed a factual basis, made part of the record and executed by the government, the defendant and her counsel, for the guilty plea which consisted of all of the essential elements of the offense to which the defendant is pleading guilty. .

9. The defendant was, upon recommendation of the government, permitted to remain at liberty under the previously posted bond and all conditions made a part thereof. The defendant was referred to the United States Probation office for the preparation of a pre-sentence report. **Sentencing has been scheduled for Tuesday, March 22nd, 2011, at 3:45 P.M. before U.S. District Judge Donald M. Middlebrooks, in his Courtroom on the 11th Floor of the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Miami, Florida 33132.**

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered her guilty pleas as to Counts 1 and 2 of the Indictment, that her guilty plea be accepted, that she be adjudicated guilty of such offenses, and that a sentencing hearing as set forth above be conducted for a final disposition of this cause.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. See 28 U.S.C. §636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 8th day of February, 2011.

                                                                        */s/ Barry L. Garber*
                                                                        BARRY L. GARBER
                                                                        UNITED STATES MAGISTRATE JUDGE